# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LEMOGE; ROXINA LEMOGE,<br><br>                    Plaintiffs,<br>   vs.<br><br>UNITED STATES OF AMERICA; and DOES 1 to 100, inclusive,<br><br>                    Defendants. | CASE NO. 07cv0620-LAB (AJB)<br><br>**ORDER ON SUMMARY JUDGMENT** |

     Mark Lemoge claims he was injured when a concrete table collapsed on his leg at Camp Pendleton, a Marine Corps base in San Diego County. He filed a complaint under the Federal Tort Claims Act (FTCA), specifically, 28 U.S.C. §§ 1346(b) and §2671–2680.[1] He alleges the United States was negligent by failing to properly maintain, supervise, and construct the table. Roxina Lemoge, his wife, asserts related claims for negligent infliction of emotional distress and loss of consortium. Now before the Court is the Government's motion for summary judgment.

---

[1] 28 U.S.C. §1346 (b)(1) permits the Government to be sued under the Federal Tort Claims Act "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

## I.     Background

Mr. Lemoge is an employee of Prosoft, a company hired by the military to provide services at Camp Pendleton. On April 17, 2004, Lemoge and his supervisor, Arnold Chavez, went to Camp Pendleton to set up for a company party. Mr. Chavez had reserved a cabana inside Camp Pendleton at Lake O'Neill, which is surrounded by camping grounds, picnic tables, barbecue pits, and bathroom facilities. While setting up for the party, Mr. Lemoge leaned onto a concrete table and it collapsed, injuring his leg. Following the accident, Lemoge discovered that there were no supporting brackets installed in the table, as required by the instructions, and further, that there were pre-drilled holes in the table where the brackets should have been attached. Lemoge claims that his injuries are substantial and is seeking $1,000,000 in compensation. His wife was not present when this incident occurred.

## II.    Legal Standards

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the moving party, it is the Government's burden to show there is no factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet this burden, the Government must show that the Lemoges lack evidence to support their claims. *Id.* at 325. If it makes that showing, the Lemoges must set forth "specific facts" to show there is a genuine issue for trial. *Id.* at 324.

The Court considers the record as a whole and draws all reasonable inferences in the light most favorable to the Lemoges. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court may not make credibility determinations or weigh conflicting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court determines whether the record "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. Not all alleged factual disputes will serve to forestall summary judgment; they must be both material and genuine. *Id.* at 247–49. "If conflicting inferences may be drawn from the facts, the case must go to the jury." *LaLonde v. County of Riverside*, 204 F.3d 947, 959

(9th Cir. 2000) (citations omitted).

## III.  Discussion

Claims against the United States under the FTCA are governed by the law of the state where the incident occurred. *O'Neal v. United States*, 814 F.2d 1285, 1287 (9th Cir.1987). In this case, that law is California Civil Code § 846, a recreational use statute.  The Government argues that it is entitled to summary judgment because § 846 immunizes landowners from liability when their land is used for recreational purposes. As a general rule, this is true, but it's not the end of the analysis. The owner of land used for recreational purposes can still be liable 1) for a willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity, 2) for injuries suffered where permission to enter for recreational purposes was granted for consideration, or 3) where any person is expressly invited rather than merely permitted to come upon the premises by the landowner.

The Court must therefore determine if any of these exceptions might apply in this case.  If so, the case can proceed to trial.  If not, the Government is entitled to summary judgment.

### A.  Willful or Malicious Failure to Warn

A landowner's failure to guard or warn against a dangerous condition is willful or malicious when there is "(1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) conscious failure to act to avoid the peril." *Bacon v. Southern Cal. Edison Co.*, 53 Cal. App. 4th 854, 859 (1997).

The Government maintains it had no knowledge of the danger posed by the table, and argues that, without knowledge, it could not have consciously failed to prevent the harm. It supports its argument with the daily incident records at Lake O'Neill that show only one previous incident with a table in the area. That incident took place years earlier when a car ran into one of the tables causing it to collapse.

Plaintiff argues the Government knew the table was dangerous because supporting brackets were not installed in it. However, the mere fact that brackets were not installed does

not mean the Government was aware that they were missing in the first place, nor that the Government knew of a potential danger. Similarly, this evidence fails to show knowledge of probable injury. Without knowledge of a potential danger, or that injury was probable, the Government could not have consciously failed to act to avoid injury.

To get around this barrier to his claim, Lemoge argues that the immunity conferred by § 846 extends only to conditions on property that are natural, involve dangerous activities, and have obvious risks. The Court disagrees with that narrow interpretation. While § 846 certainly immunizes landowners from liability for injuries arising out of recreational activities that have obvious risks and appear dangerous on first glance, it also lists "nature study", "sightseeing", and even "picnicking" as recreational activities. This shows that the intent of the statute was to immunize landowners from liability even for injuries arising out of activities with no obvious risks.

There is no evidence showing that the Government knew of a dangerous condition or that injury was probable, or that it consciously failed to act to avoid any injury. Furthermore, the plain meaning of § 846 clearly applies to picnicking the activity in this case. For these reasons, the "willful or malicious" exception to the § 846's grant of immunity does not apply in this case.

### B.  Use In Exchange for Consideration

The second exception to immunity arises where permission is given to come onto the land in exchange for consideration. However, both parties agree that this exception is not implicated in this case.

### C.  Express Invitation

Finally, the Court turns to the express invitee exception to landowner immunity under § 846. To meet this exception, there must be a "direct personal invitation . . . ." *Ravell v. United States*, 22 F.3d 960, 963 (9th Cir.1994). Moreover, a court should "construe the exceptions for . . . express invitees narrowly," because the purpose of § 846 was intended for owners to be able to allow recreational use of their land "without fear of reprisal in the form of lawsuits." *Johnson v. Unocal Corp.*, 21 Cal. App. 4th 310, 315 (1993).

1     The Government argues that Plaintiff was never given a "direct personal invitation," but that he was simply using the Lake O'Neill area as an employee of a government contractor who was attending a company picnic. Lemoge asserts that the Government expressly invited him, Mr. Chavez, and their company onto the land. However, he does not set forth specific facts showing a genuine issue for trial.  He merely offers conclusory statements about being expressly invited by the Government, and such statements cannot defeat summary judgment.

     Moreover, even if there was evidence that Plaintiff's company was invited by the Government, this is not sufficient for Plaintiff to claim invitee status himself. His company merely executed a permission agreement with the Government allowing use of the picnic area. Such an agreement is not an express invitation to the Plaintiff. *Johnson v. Unocal Corp.*, 21 Cal. App. 4th at 317 (invitee exception does not apply where plaintiff's employer simply executes permission agreement to use the premises).

     Plaintiff has therefore failed to provide any evidence showing that an express invitation was offered, and the applicable exception to § 846 immunity does not apply.

### D. Related Claims

     Roxina Lemoge was not present when the incident occurred. Since she did not witness the incident, her claim for negligent infliction of emotional distress fails. *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989).

### IV.   Conclusion

     Plaintiff has not put forth any evidence showing that the exceptions to immunity under § 846 apply in this case. There is no evidence to suggest willfulness or maliciousness by the Government, nor is there any evidence that the Government expressly invited Mr. Lemoge, his supervisor, or his company onto the base. For these reasons, Lemoge's claim is **DISMISSED WITH PREJUDICE.** Mrs. Lemoge's claim for loss of consortium is accordingly **DISMISSED WITH PREJUDICE.** Finally, since Mrs. Lemoge has failed to meet the

//

//

requirements for negligent infliction of emotional distress, that claim is also **DISMISSED WITH PREJUDICE.** The Government's motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

DATED: February 21, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge